1  Brett L. Gibbs, Esq. (SBN 251000)
   Steele Hansmeier PLLC.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4
   *Attorney for Plaintiff*
5

6

7              IN THE UNITED STATES DISTRICT COURT FOR THE

8                     NORTHERN DISTRICT OF CALIFORNIA

9                            SAN JOSE DIVISION

10

11
   AF HOLDINGS LLC,                )        **No. C-11-03336 JF**
12                                  )
              Plaintiff,            )
13        v.                        )        **[PROPOSED] ORDER GRANTING**
                                    )        **PLAINTIFF'S APPLICATION FOR**
14  DOES 1-135,                     )        **LEAVE TO TAKE DISCOVERY**
                                    )        **PRIOR TO RULE 26(f) CONFERENCE**
15            Defendants.           )
                                    )
16  _____)

17     **ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO TAKE DISCOVERY**
                        **PRIOR TO RULE 26(f) CONFERENCE**
18

19         Plaintiff has filed an *ex parte* application seeking leave to take discovery prior to the Rule 26

20  conference. *See* Docket No. 8.  Having considered Plaintiff's papers and accompanying submissions,

21  the Court hereby **GRANTS** the *ex parte* application on the grounds that Plaintiff has demonstrated

22  good cause to take early discovery.  *See Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 577-

23  80 (N.D. Cal. 1999).  Specifically, Plaintiff has shown that limited discovery of basic information is

24  necessary to permit Plaintiff to effect service on Doe Defendants, and proceed with its case. *See id.*

25         Accordingly, IT IS ORDERED THAT:

26         1.       Plaintiff may immediately serve Rule 45 subpoenas on the ISPs listed in

27                  Exhibit A to the Complaint to obtain information to identify each Doe

28

Defendant, including the name, address, telephone numbers, email addresses, and media access control information. Each subpoena shall have a copy of this Order attached.

2.    Each ISP will have 30 days from the date of service upon them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this Order. The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3.    Subscribers shall have 30 days from the date of service upon them to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have 5 days to produce the information responsive to the subpoena to Plaintiff.

4.    The subpoenaed entity shall perserve any subpoenaed information pending the resolution of any timely filed motion to quash.

5.    Any ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not asses any charge in advance of providing the information requested in the subpoena. Any ISP that receives a subpoena and elects to charge for the costs of production shall provide Plaintiff with a billing summary and cost reports that serve as a basis for such billing summary and any cost claimed by such ISP.

6.    Plaintiff shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary entities.

2

7.    Any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff *solely* for the purpose of protecting its rights as set forth in its Complaint.

This Order disposes of Docket No. 8.

IT IS SO ORDERED.

DATED:_____

_____
Jeremy Fogel
United States Magistrate Judge

[PROPOSED] ORDER GRANTING LEAVE FOR EXPEDITED DISCOVERY                    No. C-11-03336 JF