Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>　　　　Plaintiff,<br>　　v.<br>DOES 1-135,<br>　　　　Defendants. | No. C-11-03336 LHK<br><br>**PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH SUBPOENA** |

An anonymous individual, Jean Doe ("Movant"), filed a motion to quash an outstanding subpoena issued to Comcast Cable Holdings, LLC ("Comcast"). (Motion to Quash Subpoena, September 26, ECF No. 19 [hereinafter "Motion to Quash"].) Movant argues that the subpoena should be quashed because individuals have an expectation of privacy in accessing information on the Internet. (*Id.*) Movant also argues that the subpoena raises concerns of tremendous constitutional significance. (*Id.*) Finally, Movant also argues that the subpoena is unduly burdensome and unfair to Movant. (*Id.*)

**ARGUMENT**

This brief consists of three parts: Part I argues that Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Part II argues that Movant's undue burden argument properly lies with Movant's ISP, not Movant. Part III argues that Movant has failed to provide sufficient identifying information to comply with Federal Rule of Civil Procedure 11.

## I. PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Movant argues that individuals have a "legitimate expectation of privacy in anonymously accessing and/or downloading information of interest to them from the internet." (Motion to Quash.) This argument is unavailing. While Movant is correct in stating she has a right to access certain aspects of the Internet, she has no right to unlawfully download and upload Plaintiff's copyrighted works while on the Internet. Additionally, Movant has been apparently misinformed on his or her constitutional rights.

Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest and his/her limited right to anonymous speech. *MCGIP, LLC v. Does 1-14*, 11 C 2887, at *2 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies.") As this Court recognized in granting Plaintiff's *Ex Parte* Application for Expedited Discovery, Plaintiff has already exhaustively satisfied the standard for pleading a *prima facie* case of copyright infringement against Doe Defendants. (ECF No. 10 at 4) ("[Plaintiff] has sufficiently pled a prima facie case of copyright infringement under the Copyright Act…"). This, therefore, establishes sufficient need for the discovery in this case. Conversely, the First Amendment does not provide a shield for copyright infringers; the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions. *See, e.g.*, *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 555–56, 569 (1985).

As the Honorable District Court Judge Edward M. Chen pointed out in *UMG Recordings, Inc. v. Does 1–4*, Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing" and signed service agreements with ISPs that did not have privacy stipulations, "had little expectation of privacy. No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006). Movant falls under this purview for the same reasons here. Federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without

permission are engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *id.*at *2 (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't v. Does 1–40*,326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Movant cannot cloak his or her identity in the First Amendment when his or her infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures*,2011 WL 1807438, at *4 (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

## II.   MOVANT CANNOT CREDIBLY CLAIM THAT COMCAST'S COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HIM OR HER

Movant claims that the subpoena should be quashed because it is "unduly burdensome and unfair to Movant…" (Motion to Quash.) Movant bears the responsibility of proving undue burden,

1    and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena
2    would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal.
3    1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot
4    credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena
5    could potentially claim the same.

6    The exhaustive list of situations in which a court may quash or modify a subpoena is set forth
7    in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires
8    disclosure of privileged or other protected matter, if no exception or waiver applies."
9    *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections
10   properly lie with subpoenaed ISPs, and not with Movant. *See* Mem. Op. & Order 14, *First Time*
11   *Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("[I]f anyone may
12   move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they
13   are compelled to produce information under the subpoena."); *Call of the Wild Movie v. Does 1–*
14   *1,062*, No. 10-455 (BAH), 2011 WL 996786, at *16 (D.D.C. Mar. 22, 2011) (describing undue
15   burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of
16   the information sought, the breadth of the request, and the litigant's need for the information); *Kessel*
17   *v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections
18   based on burden lie with the subpoenaed party and rejecting all of plaintiffs' objections to
19   defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely
20   "privacy, privilege and harassment").

21   Movant fails to show how Comcast's compliance with Plaintiff's nonparty subpoena would
22   unduly burden or be unfair to Movant. Movant has not yet been named as a party to this action.
23   Because Movant is currently merely an anonymous nonparty on notice of his or her potential future
24   status as a party defendant, Movant is not required to respond to the allegations presented in
25   Plaintiff's Complaint nor otherwise litigate in this district. *See, e.g.*, *Voltage Pictures, LLC v. Does*
26   *1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (Howell, J.). Movant faces
27   no obligation to produce any information under the subpoena issued to his or her nonparty ISP and
28

consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in response to similar motions, "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19.

Movant bears a heavy burden of persuasion in establishing that Comcast's compliance with the nonparty ISP subpoena would be unreasonable and oppressive—a burden that Movant has no chance of meeting, as multiple courts have recently ruled in similar cases. Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("The subpoenas served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden . . . ."); Order 1, *MCGIP, LLC v. Does 1–14*, No. 11-C-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.) ("[G]iven that the subpoenas were issued to the Does' ISPs, rather than to the Does themselves, any potential burden would be shouldered by the ISPs."); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) (finding that because Plaintiff "issued the subpoenas to internet service providers," the moving putative defendants "cannot maintain that the subpoenas create an undue burden on them"); *Voltage Pictures*, 2011 WL 1807438, at *3. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

### III. MOVANT HAS FAILED TO PROVIDE SUFFICIENT IDENTIFYING INFORMATION AND IS IN VIOLATION OF RULE 11

Movant fails to provide an IP address or any other identifying information that would connect him to this case. Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11. This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and

procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Court should deny Movant's Motion for failure to comply with this basic, but important Rule.

Allowing anonymous individuals to litigate before a court creates a whole host of problems. Courts, facing issues similar to the one here, have understood this. *E.g., Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure); *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits, Plaintiff, or Plaintiff's counsel. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. (*Id.*) ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources [and the public tax dollars that fund those resources] are not misspent on groundless litigation.") (*Id.*) The Court should deny Movant's attempt to litigate completely anonymously.

//
//
//
//
//

**CONCLUSION**

The Court should deny Movant's motion. Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Movant's undue burden argument properly lies with Movant's ISP, not Movant. Movant has failed to provide sufficient identifying information to comply with Federal Rule of Civil Procedure 11.

Respectfully Submitted,

AF HOLDINGS LLC

**DATED: September 30, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**Certificate of Service**

 **I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on September 30, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

          /s/ Brett L. Gibbs, Esq.
          Brett L. Gibbs, Esq.