Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, | No. C-11-03336 LHK |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA** |
| v. | |
| DOES 1-135, | |
| Defendants. | |

An anonymous individual ("Movant") filed a motion to quash an outstanding subpoena issued to Movant's ISP. (Motion to Quash or Modify Subpoena, September 30, ECF No. 25 [hereinafter "Motion to Quash"].) Movant argues that Plaintiff has improperly joined the Defendants in this case and the Court should therefore sever the Defendants from the action. (*Id.* at 4-7.)

**ARGUMENT**

This brief consists of three parts. Part I argues that this Court should strike Movant's Motion for failure to comply with Federal Rule of Civil Procedure 11. Part II argues that joinder is proper at this early stage of litigation. Part III argues that Movant's motion may not be before the proper court.

**I.   MOVANT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 11**

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 provides that "[e]very pleading, written motion, and other paper

must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Court should exercise its inherent power to control its docket and strike Movant's Motion for failure to comply with this essential rule. The Honorable Judge William Alsup explained the importance of Rule 11's signature requirements in another copyright infringement case, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011): "There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

    Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. The Court's esteemed colleagues from other jurisdictions understand this basic point. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties

in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-cv-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion or order Movant to show cause for why his motion should not be stricken.

## II.   JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant's challenge to joinder is premature at this early juncture of the litigation. Movant argues that "[t]he Plaintiff's joinder of 135 defendants in this single action is improper . . ." (Motion to Quash at 4.) However, courts considering other cases with nearly-identical facts have decided that such issues are premature at this stage in the litigation, regardless of whether Movant's argument eventually proves to have any merit. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000,* No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011), ECF No. 19; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) [hereinafter Kendall June 9 Decision] (Kendall, J.) (citing *Donkeyball Movie, LLC v. Does 1–18*, No. 10-1520, 2011 WL 1807452, at *4 (D.D.C. May 12, 2011)).

In cases involving multiple parties identified only by their IP addresses it is common for several of the IP addresses to be associated with a single individual. Severance would, therefore, be inappropriate. By way of example, in a case filed by Plaintiff's counsel in the Northern District of Illinois against 28 doe defendant(s), *each* IP address turned out to be associated with the *same* individual. *See First Time Videos, LLC, v. Does 1-28*, 11 C 2982 (N.D. Ill. Sept. 26, 2011), ECF No.

3

PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA   No. C-11-03336 LHK

15. Had the court there severed the case before the plaintiff had completed early discovery, Plaintiff would have unwittingly filed 28 separate copyright infringement actions against the same anonymous individual. This would have entailed 28 separate filing fees, complaints, civil cover sheets, attorney appearance forms, corporate disclosure statements, motions for expedited discovery, memoranda of law in support thereof, declarations, proposed orders, motion hearings and subpoenas. The responding doe defendant would have received 28 separate ISP notification letters, would have had to file 28 separate motions to quash and answer 28 separate complaints—lest he be subject to a default judgment. Additionally, the actions could have been before nearly all of the judges in the Eastern Division of the Northern District of Illinois and would almost certainly have received some level of inconsistent treatment. No plausible argument can be made that severance would have been appropriate in this real world example. The same is true here.

While joinder rules are ultimately discretionary in nature, this discretion is not without limit. According to the Second Circuit, "an attempt to separate an *essentially unitary problem* is an *abuse of discretion*." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) (emphasis added); *see also Leslie*, 2010 WL 2991038 at *4 (citing the abuse of discretion standard set forth in *Spencer, White & Prentis, Inc.*); *Zaldana v. KB Home, et al.*, C 08-3399, 2010 WL 4313777 at *1 (N.D. Cal. Oct. 26, 2010) (Chesney, J.). Should the Court choose to sever this case, its *sua sponte* actions could have repercussions. Considering it is likely that individuals in this case are associated with multiple IP addresses in, the Court would be severing an identical claim against an identical individual. As the Court understands, the Court would then be severing a case with the purest imaginable form of a "unitary problem." Should the Court choose this course, such a decision could end in reversible error of an otherwise discretionary power.

### III.   MOVANT'S MOTION MAY NOT BE BEFORE THE PROPER COURT

Movant did not reference an ISP or subpoena in his motion. Many of the subpoenas in this case were issued from the Northern District of Illinois (i.e. plaintiff's subpoena processing center/place of production). Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A); *In re Sealed Case*, 141 F.3d 337,

1  341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas . . . and nothing
2  in the rules even hints that any other court may be given the power to quash or enforce them."); *see*
3  *also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (Ryu)
4  (citing *In re Sealed Case* in concluding the motion to quash fails because it was not filed in the
5  proper court). Because Movant failed to provide any information that would allow the Court to
6  determine whether the outstanding subpoena should be quashed or modified, this Court cannot
7  determine whether it possesses the statutory authority to do so.

## CONCLUSION

The Court should deny Movant's Motion. This Court should strike Movant's Motion for failure to comply with Federal Rule of Civil Procedure 11. Joinder is proper at this early stage of litigation. Movant's motion may not be before the proper court.

Respectfully Submitted,

AF HOLDINGS LLC

**DATED: October 11, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on October 11, 2011 on all counsel or parties of record who are deemed to have consented to electronic service.

                                    /s/ Brett L. Gibbs, Esq.
                                       Brett L. Gibbs, Esq.

PLAINTIFF'S RESPONSE TO MOVANT'S MOTION TO QUASH OR MODIFY SUBPOENA    No. C-11-03336 LHK