Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, ) </br> ) </br>     Plaintiff, ) </br>   v. ) </br> ) </br> DOES 1-135, ) </br> ) </br>     Defendants. ) </br> ) </br> ) </br> _____ ) | **No. 5:11-CV-03336-LHK** </br></br> **PLAINTIFF'S RESPONSE </br> TO ORDER TO SHOW CAUSE** |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On January 19, 2012, the Court ordered Plaintiff to show cause why the Court should not dismiss its claim against Does 1-135 pursuant to Fed. R. Civ. P. 4. (ECF No. 35, hereinafter "January 19 Order") Plaintiff respectfully submits this Response to the Court's January 19 Order.

**I. LEGAL STANDARD**

Rule 4(m) requires a court to extend a plaintiff's time for serving the complaint if plaintiff can establish good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent a showing of good cause, Rule 4(m) permits a court to exercise its discretion to extend the time for service. Plaintiff can establish good cause and the history of this case weighs strongly in favor of the Court exercising its discretion to extend the time for service.

///

///

## II. BACKGROUND

Plaintiff filed its complaint on July 7, 2011, against 135 Doe Defendants. (ECF No. 1.) Because Plaintiff did not know the identities of the Defendants—all of whom operated anonymously under the cover of IP addresses—Plaintiff could not name or serve them with the complaint. (*See Id.*) On July 14, 2011, Plaintiff filed an *ex parte* application for leave to seek limited discovery in order to ascertain the identities of the Doe Defendants. (ECF No. 8.) Approximately three weeks later, on August 2, 2011, the Court issued an order granting discovery with respect to Does 1-135. (ECF No. 10.) On August 5, 2011, Plaintiff issued subpoenas to the respective ISPs. (Decl. of Brett Gibbs ¶ 2.) Pursuant to the Court's Order, Plaintiff was required to allow the ISPs seventy (70) days to return Plaintiff's subpoena. (*See* ECF No. 10 (allowing the ISPs 30 days to notify its subscriber, allowing the subscriber 30 days to file a motion to quash and allowing 10 days for the return of information following the lapse of the previous deadlines).)

On September 6, 2011, various subscribers began submitting Motions to Quash. To date, there are seven (7) such motions pending before the Court. On September 6, 2011, a subscriber identifying himself as "Paul Ferlito" submitted a Motion to Quash (ECF No. 12) which the Plaintiff responded to on September 13, 2011. (ECF No. 13.) On September 22, 2011, a subscriber associated with IP address 98.234.115.111 submitted a Motion to Quash or Modify Subpoena (ECF No. 14) which the Plaintiff responded to on September 30, 2011. (ECF No. 23.) On September 26, 2011, a subscriber associated with IP address 24.7.48.145 submitted a Motion to Quash and Vacate Subpoena (ECF No. 17) and on the same day, a subscriber associated with IP address 98.234.197.192 also submitted a Motion to Quash and Vacate Subpoena. (ECF No. 18.) Plaintiff's research led it to believe that the two motions were submitted by the same serial offender. Thus, Plaintiff's counsel dismissed the individual associated with IP addresses 24.7.48.145 and 98.234.197.192 without prejudice in order to pursue a separate, consolidated lawsuit against the individual. (ECF No. 21.) On September 26, 2011, a subscriber identifying herself as "Jean Doe" submitted a Motion to Quash (ECF No. 19) which Plaintiff responded to on September 30, 2011. (ECF No. 22.) On September 30, 2011, a subscriber who identifies himself as "John Doe 134"

submitted a Motion to Quash or Modify (ECF No. 25) which Plaintiff responded to on October 11, 2011. (ECF No. 28.) Finally, on October 17, 2011, a subscriber associated with IP address 68.99.178.9 submitted a Motion to Quash or Modify (ECF No. 30) which the Plaintiff responded to on October 20, 2011. (ECF No. 31.)

This matter was reassigned to Judge Lucy H. Koh on September 27, 2011. (ECF No. 20.) On January 19, 2012, Judge Koh ordered the Plaintiff to show cause as to "why this action should not be dismissed for failure to serve the Doe Defendants as required by Rule 4(m) by February 9, 2012. (ECF No. 35.)

### III. GOOD CAUSE

"When considering [whether] … to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis." *In re Sheehan*, 253 F.3d at 512. The Ninth Circuit has recognized that, "at a minimum, good cause means excusable neglect." *Id.* (citation omitted). Beyond the "excusable neglect" standard, the Ninth Circuit has articulated three factors (the "*Boudette*" factors) that a plaintiff *may* be required to show in order to bring an "excuse" to the level of good cause, but in its Order to Show Cause the Court did not order Plaintiff to discuss the *Boudette* factors. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Nor do the *Boudette* factors appear to have much relevance to a Rule 4(m) good cause analysis where the reason for non-service is that the identity of the defendant has not been ascertained. *See Id.*

In this case, Plaintiff's reason for not serving the Doe Defendants is that Plaintiff is awaiting a ruling on the various motions to quash that have been filed in this action. Until such a ruling has been issued, Plaintiff has no means of knowing what IP addresses are associated with which Defendants. Although Plaintiff has received subpoena returns with respect to certain Doe Defendants, a single Doe Defendant can be associated with multiple IP addresses. It would be improper to name or dismiss a Doe Defendant when he could be associated with other remaining IP addresses. Additionally, Plaintiff plans to name the Doe Defendants, if at all, altogether to avoid undue repetition. Plaintiff is merely waiting to see the actual size and content of the Doe Defendant list before doing so.

Plaintiff's present inability to proceed in the matter is not a result of any delay or dilatory action on Plaintiff's part. To the contrary, at every turn Plaintiff has demonstrated maximum expediency. Of the approximately 190 days that have passed since Plaintiff filed its complaint on July 7, 2011, Plaintiff has spent an overwhelming *majority* of those days awaiting a ruling on the various motions to quash. Plaintiff has been diligent in responding to the motions to quash and is currently constrained pending a ruling on the same.

The "excusable neglect" standard would appear to be readily satisfied. First, as outlined above, Plaintiff has not demonstrated any form of neglect because it has acted as swiftly as possible at every turn. And even if the action of awaiting a decision from the Court or following the Court's subpoena compliance timeline falls within the definition of "neglect", it would certainly be excusable, particularly since: 1) an unknown party cannot possibly be served with a complaint; and 2) the motion timeline is generally within the Court's control, not Plaintiff's.

### IV.   DISCRETION

Even if the Court concludes that Plaintiff does not have good cause, it should nevertheless exercise its discretion to extend the time for service. The existing Federal Rules of Civil Procedure allow for, at best, a crude framework for addressing the very real problem of Internet-based theft. The timeline for filing a complaint, filing an *ex parte* discovery motion, receiving a ruling on the motion, serving a subpoena, receiving a subpoena response and receiving and filing responses to motions to quash is generally not realistically compacted into 120 days. (*See*, *e.g.*, Docket.) These factors weigh heavily in favor of the Court exercising its discretion to extend the time for serving the complaint.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court extend Plaintiff's time for service of the complaint.

///

///

///

Respectfully Submitted,

Prenda Law Inc.

**DATED: January 24, 2012**

By:      /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

/s/  Brett Gibbs
Brett L. Gibbs