Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DOES 1-135, ) <br> ) <br> Defendants. ) <br> ) | **No. C-11-03336 LHK (HRL)** <br><br> **RULE 26(f) REPORT** |

**RULE 26(f) REPORT**

Plaintiff AF Holdings LLC, by and through its counsel, hereby submits this Rule 26(f) Report pursuant to the Court's original Order Setting Initial Case Management Conference and ADR Deadlines (Doc. No. 3) and the Clerk's Notice Setting Case Management Conference Following Reassignment (Doc. No. 34), Federal Rules of Civil Procedure (hereinafter "FRCP") Rules 26(a)(1) and 26(f), and Northern District of California Civil Local Rule (hereinafter "L.R.") 16-9(a):

**1. Individuals Likely to Have Discoverable Information:**

- Salt Marsh, Owner of AF Holdings

- Peter Hansmeier – 161 North Clark Street, Suite 3200, Chicago, Ill., 60601.

- Person Most Knowledgeable ("PMK") at Internet Service Provider in their Subpoena Department – Custodian of Records.
- Unidentified subscribers associated with IP addresses listed on Exhibit A to Plaintiff's Complaint (Doc. No. 1-2.)
- Does – yet to be identified.
- Plaintiff reserves the right to add to this list of individuals identified as necessary in the future.

**2. Documents, Electronically Stored Information, and Tangible Things:**

- Physical Documents – Plaintiff's copyright records.
- Electronically Stored Information – BitTorrent auditor, forensic information demonstrating infringing activity over the BitTorrent.

**3. Projected Discovery Timelines:**

At this point, any projected timelines are premature for reasons explained in Plaintiff's Case Management Conference Statement. (*See* ECF No. 38).

**4. Subjects on Which Discovery, Including Electronic Discovery, Will be Needed:**

As noted in Plaintiff's Case Management Conference Statement (Doc. No. 38), on July 14, 2011, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery. (Doc. No. 8). On August 2, 2011, that Application was granted. (Doc. No. 10). However, at this time, for the reasons explained in Plaintiff's Case Management Statement, the identifying information relating to the account holders whose IP addresses were used to unlawfully infringe upon Plaintiff's copyrighted works is currently only partially known to Plaintiff (ECF No. 38).

Beyond that, more expedited discovery may be necessary depending on whether the subscriber identifying information allows Plaintiff to actually identify the Doe Defendant. *At this point*, however, Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery is the only

foreseeable discovery in the immediate future. Whether a future discovery request will be necessary is entirely dependent on the information that Plaintiff has not yet received from the ISPs. This information flow is directly tied into the outstanding motions to quash that await rulings from the Court. (*See* Doc. Nos. 12, 14, 15, 19, 25, and 30.)

**5. Objections:**

Plaintiff objects to the Court requiring Plaintiff to make any projected deadlines in this case at this time especially considering the motions to quash that have been pending for months with no definitive time period for resolution.

**6. Discovery Motion Currently Pending:**

N/A.

**7. Other Issues:**

The Court must act on the outstanding motions to quash before this case can move forward. (ECF Nos. 12, 14, 15, 19, 25, and 30.)

Respectfully Submitted,

PRENDA LAW INC.,

**DATED: February 14, 2012**

By: _____/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel for Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

                                        /s/ Brett L. Gibbs
                                        Brett L. Gibbs, Esq.