UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>  Plaintiff,<br><br>v.<br><br>DOES 1-135,<br><br>  Defendants. | Case No.: 11-CV-03336<br><br>ORDER DISMISSING CASE FOR FAILURE TO SERVE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M) |

Before the Court is Plaintiff AF Holdings LLC's ("AFH") Response, ECF No. 37, to the Court's January 19, 2012 Order to Show Cause why this case should not be dismissed for failure to timely serve the Doe Defendants pursuant to Federal Rule of Civil Procedure 4(m), ECF No. 35. The Court held a hearing on the Order to Show Cause on February 22, 2012. Having considered AFH's written response, oral argument, supporting declaration, and the relevant legal authorities, the Court DISMISSES this case without prejudice for the reasons set forth below.

**I.   Factual and Procedural Background**

On July 7, 2011, AFH filed its original complaint in this case, which was originally assigned to Magistrate Judge Ryu. ECF No. 1. AFH alleges that the Doe Defendants knowingly and willfully infringed its copyright by downloading and sharing its copyrighted work, an adult film entitled "Sexual Obsession." Compl. ¶¶ 1, 5, 7. Specifically, AFH alleges that the Doe Defendants engaged in unlawful concerted conduct for the purpose of infringing AFH's work using an online peer-to-peer file-sharing tool called BitTorrent, in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq. Id.* at 4-6. AFH's complaint states that the "Doe Defendants' actual names

1

are unknown and unascertainable to Plaintiff. Instead, Plaintiff knows each Doe Defendant only by an Internet Protocol [("IP")] address . . . ." *Id.* at ¶8. AFH attached as Exhibit A to its complaint a table containing the following: a list of the Doe Defendants' IP addresses; the Internet Service Provider ("ISP") for each IP address; and the date and time of the alleged copyright infringement associated with each IP address. *Id.* & Ex. A. Exhibit A lists eighteen ISPs. *See* Compl. Ex. A.

On July 14, 2011, the case was reassigned to Judge Fogel as the presiding judge and Magistrate Judge Lloyd as the referral judge. ECF No. 7. That same day AFH filed an *ex parte* application for leave to take limited discovery prior to a Rule 26 conference. ECF No. 8. Magistrate Judge Lloyd granted this application on August 2, 2011, permitting AFH to serve subpoenas on certain ISPs to obtain information identifying the Doe Defendants so that AFH could complete service of process on them. ECF No. 10. Judge Lloyd's Order allowed AFH immediately to serve subpoenas on ISPs to obtain identifying information for each Doe Defendant, including name, address, telephone number, email address, and media access control information. *Id.* at 4-5. The Order gave the ISPs 30 days to serve subscribers and gave subscribers 30 days from the date of service in which to object to the subpoenas. *Id.* at 5. If the subscriber failed to object, the ISP was required to produce, within 10 days, the information responsive to the subpoena to AFH. *Id.*

AFH asserts that it issued subpoenas to the respective ISPs on August 5, 2011. Resp. 2 (citing Gibbs Decl. ¶ 2). On September 6, 2011, various subscribers began filing motions to quash the subpoenas. ECF Nos. 12, 14, 17, 18, 19, 25, 30. AFH responded to all of the motions to quash. ECF Nos. 13, 22, 23, 28, 31. In addition, on October 4, 2011, Brett Smith, apparently the subscriber of the internet service account assigned the IP address 71.83.208.158, filed an "objection" to the subpoena served on Charter Communications relating to IP address 71.83.208.158. ECF No. 27. AFH did not respond to Mr. Smith's "objection."

In September, October, and November 2011, AFH voluntarily dismissed the Doe Defendants associated with the following IP addresses: 24.7.48.145, 98.234.197.192, 67.121.209.48, 76.20.11.145, 98.234.38.72, 71.198.194.113, and 24.205.30.192. ECF Nos. 21, 29, 33. These dismissals mooted two of the motions to quash, ECF Nos. 17, 18.

At the time of the hearing, five motions to quash remained pending before Magistrate Judge Lloyd. *See* ECF Nos. 12, 14, 19, 25, and 30. Four of these motions to quash related to IP addresses provided by the following ISPs: AT&T Internet Services ("AT&T"), ECF No. 12; Comcast Cable Communications ("Comcast"), ECF Nos. 14, 19; and Cox Communications ("Cox"), ECF No. 30. As to the remaining motion to quash, ECF No. 25, it is unclear to which ISP(s) the motion relates. On February 28, 2012, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), AFH voluntarily dismissed all John Doe Defendants except the 19 John Doe Defendants associated with IP addresses provided by Verizon Online ("Verizon"). ECF No. 44. Accordingly, the motions to quash relating to AT&T, Comcast, and Cox, ECF Nos. 12, 14, 19, and 30, are now terminated as MOOT.

The case was reassigned to the undersigned judge on September 27, 2011. ECF No. 20. On January 19, 2012, the Court issued an Order to Show Cause why this case should not be dismissed for failure to timely serve the Doe Defendants pursuant to Federal Rule of Civil Procedure 4(m). Under Rule 4(m), AFH was required to have filed proof of service by November 4, 2011. The Court's order noted that as of January 19, 2012, 196 days had passed since the filing of the complaint and more than 150 days had passed since Judge Lloyd issued his expedited discovery Qrder, but no proof of service had been filed. AFH filed its response to the Court's Order to Show Cause on January 24, 2012. ECF No. 37.

The Court held a hearing on the Order to Show Cause on February 22, 2012. At the hearing, the Court ordered AFH to file a declaration in further support of its response to the order to show cause. *See* ECF No. 42. AFH filed its declaration on February 24, 2012. Declaration of Charles E. Piehl ("Piehl Decl."), ECF No. 43.

**II. Legal Standard**

Federal Rule of Civil Procedure 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting their cause of action." *Ibrahim v. California*, Case No. 03-CV–04156-JSW, 2004 WL 2397588, at *2 (N.D. Cal. 2004) (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

Rule 4(m) states in relevant part: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[G]ood cause generally means 'that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (Henderson, J.). Evasion of service can also constitute good cause. *Wei*, 763 F.2d at 371. Mere attorney inadvertence, however, does not qualify as good cause. *Id.* at 372.

As the Ninth Circuit has stated, "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). However, that discretion is not limitless. *Id.* "Rule 4(m) *requires* a district court to grant an extension of time when the plaintiff shows good cause for the delay. Additionally, the rule *permits* the district court to grant an extension even in the absence of good cause." *Id.* at 1040 (internal citations omitted) (emphasis in original). "In making extension decisions under Rule 4(m) a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.* at 1041 (internal quotation marks and citation omitted).

Pursuant to Rule 4(m), the Court "may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed . . . ." *Sedaghatpour v. California*, Case No. 07-CV-01802-WHA, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007).

### III. Analysis

AFH does not dispute that it has failed to serve any of the Doe Defendants or that more than 120 days have passed since AFH filed its complaint. Instead, AFH argues that it has shown good cause for failing to timely serve any of the Doe Defendants because it has been diligent in identifying the Doe Defendants and was awaiting the Court's ruling on five motions to quash

subpoenas. Resp. 3-4.[1] Alternatively, in the absence of good cause, AFH asks the Court to exercise its discretion to extend the time for service. *See id.* at 4. The Court first addresses whether AFH has shown good cause and then turns to the Court's discretionary power to extend the time for service.

### A. Good Cause

AFH does not allege that "service has been attempted but not completed" nor "that plaintiff was confused about the requirements of service." *Cf. Chemehuevi Indian Tribe*, 181 F.R.D. at 440. Nor does AFH allege that any of the Doe Defendants have attempted to evade service. *Cf. Wei*, 763 F.2d at 371. Essentially, AFH argues that it was "prevented from serving defendants by factors beyond [its] control." *Chemehuevi Indian Tribe*, 181 F.R.D. at 440. Specifically, AFH's good cause argument focuses on the fact that there were pending motions to quash subpoenas. Specifically, AFH states:

> Until [a ruling on the pending motions to quash] has been issued, Plaintiff has no means of knowing what IP addresses are associated with which Defendants. Although Plaintiff has received subpoena returns with respect to certain Doe Defendants, a single Doe Defendant can be associated with multiple IP addresses. It would be improper to name or dismiss a Doe Defendant when he could be associated with other remaining IP addresses. Additionally, Plaintiff plans to name the Doe Defendants, if at all, altogether to avoid undue repetition. Plaintiff is merely waiting to see the actual size and content of the Doe Defendant list before doing so.

Resp. 3. AFH argues that it meets the "excusable neglect" standard because: "1) an unknown party cannot possibly be served with a complaint; and 2) the motion timeline is generally within the Court's control, not Plaintiff's." *Id.* at 4. The Court generally finds these arguments unpersuasive.

Other courts have dismissed similar copyright infringement lawsuits where plaintiffs did not effect service within 120 days from the filing of the complaint. *See, e.g.*, *Patrick Collins Inc. v. Does 1-3757* (hereinafter "*Patrick Collins II*"), Case No. 10-CV-05886-LB, 2011 WL 5368874 (N.D. Cal. Nov. 4, 2011); *Patrick Collins Inc. v. Does 1-1219* (hereinafter "*Patrick Collins I*"), Case No. 10-CV-4468-LB (N.D. Cal. Aug. 8, 2011); *CP Prods., Inc. v. Does 1-300*, 2011 WL

---

[1] Although in its response AFH claimed there were seven pending motions to quash, only five motions to quash were pending at the time of the hearing. The docket also lists a pending motion to proceed anonymously, ECF No. 15, filed by the same movant as one of the motions to quash, ECF No. 14, and Mr. Smith's objection to the Charter subpoena, ECF No. 27.

5
Case No.: 11-CV-03336-LHK
ORDER DISMISSING CASE FOR FAILURE TO SERVE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)

73761, at *1 (N.D. Ill. Feb. 24, 2011); *see also On the Cheap, LLC v. Does 1-5011*, Case No. 10-CV-4472-BZ, 2011 WL 4018258, at *4 (N.D. Cal. Sept. 6, 2011) (declining to extend the time to serve under Rule 4(m)). Although the Court cited *Patrick Collins I* in its Order to Show Cause, *see* ECF No. 37, at 2, AFH did not attempt to distinguish the instant case from *Patrick Collins I* in its response.

Magistrate Judge Beeler's Order in *Patrick Collins II*, which is substantially the same as her Order in *Patrick Collins I*, is instructive here.[2] In *Patrick Collins II*, as here, the court issued an order to show cause why the case should not be dismissed for failure to comply with Rule 4(m). 2011 WL 5368874, at *1. Patrick Collins, the plaintiff, "filed a response to the order to show cause, focusing on the delays in getting names from the [ISPs]." *Id.* In its response to the order to show cause, Patrick Collins "discusse[d] the difficulties [of identifying the doe defendants] in the context of a number of pending cases," and Patrick Collins "attribute[d] some of the delays to the [ISPs'] difficulties in providing the necessary information." *Id.* at *2.

Magistrate Judge Beeler found that Patrick Collins failed to show good cause and dismissed the case without prejudice. The court expressed that it had "no confidence" that Patrick Collins had "shown the requisite diligence in moving to identify, name, and serve defendants, despite its (unsworn) claims to the contrary." *Id.* It is true, as AFH argues, that motions to quash were pending in this case at the time of the show cause hearing. However, this additional factor, apparently not at issue in *Patrick Collins I* or *II*, does not excuse AFH for failing serve *any* Doe Defendants here. *See Parker v. John Doe #1*, Case No. 02-CV-7215, 2003 WL 21294962 (E.D. Pa. 2003) (rejecting argument that time spent by court in ruling on various motions hindered plaintiff's ability to identify or serve the defendants).

AFH claims that it "has no means of knowing what IP addresses are associated with which Defendants" until the Court rules on the motions to quash, but AFH does not explain why this is so. Resp. at 3. AFH argued at the hearing that some ISPs were refusing to provide information for *all* of their subscribers if there was a pending motion to quash a subpoena relating to *any* of its

---

[2] The Court primarily cites *Patrick Collins II* here because that Order is publicly available on Westlaw, whereas *Patrick Collins I* is not.

subscribers. Tr. 11. However, after AFH dismissed several Doe Defendants, the remaining 19 Doe Defendants are related to IP addresses provided only by Verizon, for which there was never a motion to quash filed. Moreover, in its declaration, AFH does not claim that Verizon refused to comply on the ground that there were pending motions to quash. Therefore, even if AFH's argument were persuasive as to other ISPs, it does not explain why AFH has failed to serve any of the John Does associated with IP addresses provided by Verizon. *Cf. Patrick Collins I*, No. 10-CV-04468-LB, ECF No. 27, at 4 ("[T]he delays allegedly attributable to *some* of the [ISPs] does not explain AFH's failure to name and provide proof of service on *any* of the Doe Defendants.") (emphasis in original). While it is true that Verizon does not appear to have complied with the subpoena that was served August 5, 2011, Piehl Decl. Ex. A, at 2, AFH acknowledged at the hearing that AFH has not sought any relief from a court to compel Verizon's compliance with subpoena. Tr. 15. AFH's failure to seek to enforce the subpoena demonstrates its lack of diligence.[3]

Finally, as the court found in *Patrick Collins II*, this Court finds that AFH would not be prejudiced by a dismissal. *Id.* at *3. Here, the earliest date of an illegal download identified in Exhibit A to the complaint is April 25, 2011. Under 17 U.S.C. § 507, a civil copyright action must be commenced within three years after the claim accrued. Thus, AFH would be free to re-file after dismissal. Before filing an identical action joining numerous doe defendants alleged to have engaged in copyright infringement through disparate acts ranging from April 25, 2011, through July 1, 2011, however, the Court urges AFH to consider other courts' decisions severing similar actions. *See, e.g.*, *IO Group, Inc. v. Does 1-435*, Case No. 10-4382-SI (N.D. Cal. Feb. 3, 2011); *Boy Racer v. Does 2-52*, Case No. 11-CV-2834-LHK (PSG) (N.D. Cal. Aug. 5, 2011).

Accordingly, the Court finds the AFH has not shown good cause for its failure to name and serve *any* Doe Defendant within the time period set forth by Rule 4(m).

---

[3] AFH's lack of diligence does not appear to be limited to this case. AFH has apparently filed at least 8 similar cases in federal court, naming over a thousand john doe defendants, and yet has never served a single john doe defendant in these cases. Piehl Decl. Ex. A, at 5-6. This situation is troubling, particularly when AFH appears to have sufficient contact details to send demand letters and obtain settlement payment from numerous john doe defendants.

7
Case No.: 11-CV-03336-LHK
ORDER DISMISSING CASE FOR FAILURE TO SERVE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)

### B. Discretion

In the alternative, AFH argues that this Court should exercise its discretion to extend the time for service because the "existing Federal Rules of Civil Procedure" are ill-suited "for addressing the very real problem of Internet-based theft" committed by anonymous users. Resp. 4. AFH argues that the "timeline for filing a complaint, filing an *ex parte* discovery motion, receiving a ruling on the motion, serving a subpoena, receiving a subpoena response and receiving and filing response to motions to quash is generally not realistically compacted into 120 days." *Id.* The Court finds this argument unpersuasive.

Here, Magistrate Judge Lloyd ruled on AFH's *ex parte* discovery motion on August 2, 2011. ECF No. 10. Pursuant to Magistrate Judge Lloyd's Order, AFH should have gotten a response to its subpoenas from the ISPs within 70 days, provided that a subscriber did not move to quash the subpoena. *Id.* at 4-5. AFH served Verizon with the subpoena on August 5, 2011, and therefore AFH should have received a response by October 14, 2011. When Verizon did not respond by that date, AFH should have moved for some form of judicial relief. AFH has failed to do so. Thus, AFH does not provide a persuasive reason to extend the time to serve the remaining Doe Defendants associated with Verizon. Moreover, AFH does not argue, and the Court does not find, that any of the traditional factors -- statute of limitations bars, prejudice to the defendant, actual notice of a lawsuit, and eventual service -- militate in favor of extending the time to serve those Doe Defendants. Accordingly, the Court declines to exercise its discretion to extend the time for AFH to serve the remaining Doe Defendants.

### IV. Conclusion

For the foregoing reasons, the Court finds that AFH has failed to show good cause for failing to serve the 19 remaining Doe Defendants. Moreover, the Court declines to exercise its discretion to extend the time for service provided by Federal Rule of Civil Procedure 4(m). Accordingly, this case is DISMISSED WITHOUT PREJUDICE. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 27, 2012

LUCY H. KOH
United States District Judge